UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION

| | |
|---|---|
| GLOBAL TECHNOLOGY & TRADING, INC., an Illinois corporation, and MANOJ JAIN,<br><br>Plaintiffs,<br><br>v.<br><br>SATYAM COMPUTER SERVICES LIMITED, an Indian corporation<br><br>Defendant. | No. 09 C 5111<br>Judge James B. Zagel |

## MEMORANDUM OPINION AND ORDER

### I. BACKGROUND

In their complaint, Plaintiffs Global Technology & Trading, Inc., and Manoj Jain ("Jain") allege that Shailesh Shah ("Shah"), executive vice president of Defendant Satyam Computer Services Limited, approached Jain "in order to facilitate the introduction of Bridge Strategy Group[,]" a management consulting company. On August 15, 2007, Plaintiffs submitted to Defendant a document titled "Project Agreement: Supporting Acquisition of Bridge Strategy" (the "Project Agreement"). Plaintiffs explain that the Project Agreement "outlin[ed] the contractual rights of each party and detail[ed] the terms of payment and scope of employment." Eight days later, Plaintiffs submitted to Defendant the final version of the Project Agreement. The parties then negotiated Plaintiffs' fee and agreed on $600,000, to be paid within thirty days of the closing of a deal between Defendant and Bridge Strategy Group. Plaintiffs claim that between April 2007 and October 2008, Shah repeatedly assured them that they would be compensated for their services.

Beginning in April 2007 and continuing over the next year, Plaintiffs provided consulting services to Defendant. Among other services, Plaintiffs prepared documents, reviewed terms and conditions, and negotiated a possible acquisition. On April 4, 2008, Plaintiffs facilitated a final acquisition agreement between Defendant and Bridge Strategy Group. Plaintiffs maintain that they were never paid the agreed-upon sum of $600,000 in return for their services.

On August 26, 2009, Plaintiffs filed a complaint alleging the following four counts: (1) breach of contract; (2) promissory estoppel; (3) quantum meruit; and (4) fraud. Defendants now move to dismiss the complaint in its entirety.

**II. STANDARD OF REVIEW**

A Motion to Dismiss under Rule 12(b)(6) requires that I analyze the legal sufficiency of the complaint, and not the factual merits of the case. *Autry v. Northwest Premium Servs., Inc.*, 144 F.3d 1037, 1039 (7th Cir.1998). I must take all facts alleged in Plaintiffs' complaint as true and draw all reasonable inferences from those facts in favor of Plaintiffs. *Caldwell v. City of Elwood*, 959 F.2d 670, 671 (7th Cir.1992). Plaintiffs, for their part, must do more than solely recite the elements for a violation; they must plead with sufficient particularity so that their right to relief is more than a mere conjecture. *Bell Atl., Corp. v. Twombly*, 550 U.S. 544, 555 (2007). Plaintiffs must plead their facts so that, when accepted as true, they show the plausibility of their claim for relief. *Ashcroft v. Iqbal*, 129 S.Ct. 1937, 1949 (2009). Plaintiffs must do more than plead facts that are "consistent with Defendants' liability" because that only shows the possibility, not the plausibility, of their entitlement to relief. *Id.* (internal quotations omitted).

## III. DISCUSSION

### A. Fraud

Defendant argues that Plaintiffs' fraud claim should be dismissed on the ground that Plaintiffs fail to meet the heightened pleading standard of Federal Rule of Civil Procedure 9(b). Rule 9(b) requires that a plaintiff "state with particularity the circumstances constituting fraud[,]" which includes the "who, what, when, where and how" of the fraud. *DiLeo v. Ernst & Young*, 901 F.2d 624, 627 (7th Cir. 1990). In order to successfully plead a fraud claim, Plaintiffs must state "the identity of the person making the misrepresentation, the time, place, and content of the misrepresentation, and the method by which misrepresentation was communicated to [Plaintiffs]." *Uni*Quality, Inc. v. Infotronx, Inc.*, 974 F.2d 918, 923 (7th Cir 1992). This heightened pleading requirement is intended "to minimize the extortionate impact that a baseless claim of fraud can have on a firm or an individual." *Fidelity Nat. Title Ins. Co. of New York v. Intercounty Nat. Title Ins. Co.*, 412 F.3d 745, 749 (7th Cir. 2005). It prevents frivolous fraud claims and requires a plaintiff to provide sufficient detail so that a groundless claim may be disposed of quickly . *Id.*

In their complaint, Plaintiffs claim that between April 2007 and October 2008 Shah repeatedly assured them that they would be compensated. This is the extent of the factual allegations supporting the fraud claim. Plaintiffs have successfully alleged the "who" and perhaps even the "what" necessary to satisfy Rule 9(b), although it must be noted that the complained-of "assurances" are arguably vague in nature. Plaintiffs do allege the "when," but it can hardly be said that an eighteen-month long time span is sufficiently particular. Moreover, Plaintiffs include no allegations as to the method by which the misrepresentations were made,

3

information presumably within Plaintiffs' possession.[1]  Plaintiffs have failed to satisfy the pleading requirements of Rule 9(b), and for this reason, Defendant's motion to dismiss Plaintiffs' fraud claim is granted.

**B. Quantum Meruit**

Defendant contends that Plaintiffs fail to state a cause of action for quantum meruit.  To state a claim for quantum meruit, Plaintiffs must allege (1) its performance of a service for Defendant's benefit; (2) the service was performed non-gratuitously; (3) Defendant accepted the service; and (4) no contract for payment existed between the parties.  *Owen Wagener & Co. v. U.S. Bank*, 697 N.E.2d 902, 908 (Ill. App. 1998).  A party cannot recover in quantum meruit, a quasi-contract theory, when the parties' relations are governed by contract.  *Keck Garrett & Associates, Inc. v. Nextel Communications, Inc.*, 517 F.3d 476, 487 (7th Cir. 2008).  Defendant moves to dismiss Plaintiffs' claim on the ground that Plaintiffs in Count III allege the existence of a contract with Defendant.  Taking Plaintiffs' factual allegations as true, as I must at this stage, the quantum meruit claim fails.  In their response, Plaintiffs maintain that they have pled their quantum meruit claim in the alternative, however, the count includes the allegation "The parties contracted for and agreed to pay Plaintiffs $600,000."  This allegation dooms the claim, and for this reason, Defendants' motion to dismiss Plaintiffs' quantum meruit claim is granted.

---

[1] Plaintiffs' response asserts that "Defendant, through its agents and employees, made repeated assurances through electronic mail, in person, other writings and in telephone conversations that Plaintiffs would be compensated for their services." However, because a plaintiff cannot cure a pleading deficiency by including the missing allegations in a response to a Motion to Dismiss, I disregard these additional allegations. *Harrell v. U.S.*, 13 F.3d 232, 236 (7th Cir. 1993).

## C. Promissory Estoppel

Defendant makes a similar argument with regard to Plaintiffs' promissory estoppel claim. To establish a claim for promissory estoppel, Plaintiffs must allege "(1) [Defendant] made an unambiguous promise to [P]laintiff[s], (2) [P]laintiff[s] relied on such a promise, (3) [P]laintiff[s'] reliance was expected and foreseeable by [Defendant], and (4) [P]laintiff relied on the promise to [their] detriment." *Quake Const., Inc. v. American Airlines, Inc.*, 565 N.E.2d 990, 1004 (Ill. 1990). A plaintiff may not seek relief under the doctrine of promissory estoppel where the parties have entered into a contract. *Wagner Excello Foods, Inc. v. Fearn Intern., Inc.*, 601 N.E.2d 956, 964-65 (Ill. App. 1992).

In Count II, a claim for promissory estoppel, Plaintiffs incorporate by reference the preceding allegations, including those asserting the existence of a valid contract. Again, Plaintiffs maintain that they have plead their promissory estoppel claim in the alternative. While the reference to the allegations of contract may have been simply an error on Plaintiffs' part, the incorporation of these allegations of contract militates in favor of dismissal. *See Prentice v. UDC Advisory Servs., Inc.*, 648 N.E.2d 146, 150 (Ill. App. 1995) ("if a party's performance under a written contract is the same performance which satisfies the requirement of detrimental reliance, then that party is barred from seeking redress under the doctrine of promissory estoppel.") (citing *Wagner*, 601 N.E.2d at 964-65).

## D. Breach of Contract

Defendants maintain that Plaintiffs have failed to state a claim for breach of contract where they have failed to allege Defendant's acceptance of the offer for services and to set forth

the essential terms of the agreement.  To successfully plead a breach of contract claim, Plaintiffs must allege (1) the existence of a valid contract; (2) Plaintiffs' performance of their contractual obligations; (3) breach by Defendant; and (4) resulting damages.  *Akinyemi v. JP Morgan Chase Bank, N.A.*, 908 N.E.2d 163, 168 (Ill. App. 2009).  "Included in the formation of a valid contract are offer and acceptance, consideration, and definite and certain terms."  *Van Der Molen v. Washington Mut. Finance, Inc.*, 835 NE.2d 61, 69 (Ill. App. 2005).

In their breach of contract claim, Plaintiffs allege that they entered into a "working relationship" with Defendants, and that this relationship was "a verbal contract."  In their response to Defendant's argument that their claim fails to allege acceptance, Plaintiffs point to an earlier allegation that "Defendant agreed to the terms of the Project Agreement[.]"  Plaintiffs also cite to their assertions that the parties agreed upon a $600,000 fee.  From these facts, it is difficult to ascertain from these allegations exactly which contract Plaintiffs are claiming has been agreed to and breached.  Even were I to infer from the allegations that Defendants orally agreed to the terms and conditions of the Project Agreement and the $600,000 fee, and that it is the terms and conditions expressed in the Project Agreement that bind the parties, Plaintiffs provide none of the terms contained therein.  Although they do contend that they performed certain tasks relating to Defendant's acquisition of the Bridge Strategy Group, there is no indication of whether this conduct was contractually obligated.  For these reasons, Plaintiffs have failed to properly plead performance of their contractual obligations, and Defendant's motion to dismiss Plaintiffs' breach of contract claim is granted.

## IV. CONCLUSION

For the foregoing reasons, Defendant's motion to dismiss Plaintiffs' complaint in its entirety is granted, and Plaintiffs' complaint is dismissed with leave to amend.

ENTER:

_____
James B. Zagel
United States District Judge

DATE: December 9, 2009