# United States District Court, Northern District of Illinois

| Name of Assigned Judge or Magistrate Judge | Judge Zagel | Sitting Judge if Other than Assigned Judge | |
|---|---|---|---|
| **CASE NUMBER** | 09 CV 5111 | **DATE** | January 28, 2011 |
| **CASE TITLE** | GLOBAL TECHNOLOGY & TRADING, INC. and MANOJ JAIN v. SATYAM COMPUTER SERVICES LIMITED | | |

**DOCKET ENTRY TEXT:**

Defendant's Motion to Dismiss Count I of the Second Amended Complaint [34] is GRANTED, with prejudice. The motion as to Count II is DENIED. The motion as to Count IV is GRANTED, without prejudice.

# STATEMENT

**I. BACKGROUND**

Before me is Plaintiff's Second Amended Complaint ("SAC"). The core allegation is, in essence, failure to pay for services rendered. The initial complaint alleged four specific counts: 1) breach of contract; 2) promissory estoppel; 3) quantum meruit; and 4) fraud. I dismissed that complaint in full, with leave to amend, in an order dated December 9, 2009. Plaintiffs then filed an amended complaint attempting to cure the deficiencies I noted in the first three counts. They have presently abandoned the fraud count. I dismissed the amended complaint in full as well on April 6, 2010, but again gave leave to amend.

In the SAC, Plaintiffs re-allege the same first three counts of breach of contract, promissory estoppel and quantum meruit, all in the alternative. Plaintiffs also add a new theory of unjust enrichment. Defendant moves to have Counts I, II, and IV dismissed with prejudice. I grant Defendant's motion as to Count I, deny it as to Count II, and grant it as to Count IV but give leave for Plaintiffs to attempt to cure that count.

**II. STANDARD OF REVIEW**

A motion to dismiss under Rule 12(b)(6) tests the legal sufficiency of the complaint, and not the underlying factual merits. *Autry v. Northwest Premium Servs., Inc.*, 144 F.3d 1037, 1039 (7th Cir. 1998). I must take all facts alleged in Plaintiffs' complaint as true and draw all reasonable inferences from those facts in favor of Plaintiffs. *Pisciotta v. Old Nat. Bancorp*, 499 F.3d 629, 633 (7th Cir. 2007). Plaintiffs need not plead particularized facts, but the factual allegations in the complaint must be enough to raise a right to relief above the speculative level. *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 569 n.14 (2007). Plaintiffs must plead their facts so that, when accepted as true, they show the plausibility of their claim for relief. *Ashcroft v. Iqbal*, 129 S.Ct. 1937, 1949 (2009). In short, a complaint under Rule 8 "demands more than an unadorned, the-defendant-unlawfully-harmed-me accusation." *Id.*

| STATEMENT |
|---|

At the other end of the sufficiency spectrum, a complaint may say too much. That is, Plaintiffs may "plead themselves out of court by alleging facts that establish defendants' entitlement to prevail." *Bennett v. Schmidt*, 153 F.3d 516 (7th Cir. 1998).

## III. DISCUSSION
### A. Count I - Breach of Contract

Count I remains deficient because it fails to allege definite and certain terms as required by Illinois law. *See Association Ben. Services, Inc. v. Caremark RX, Inc.*, 493 F.3d 841, 850 (7th Cir. 2007). ("No contract exists under Illinois law, and, indeed, under principles of general law, if the agreement lacks definite and certain terms; nor is a contract formed by an offer that itself lacks definite and certain material terms and does not require such terms to be supplied by an acceptance.") As I described in my last order dismissing this claim, the complaint baldly asserts that "Beginning April 2007, (the parties) entered into a contractual agreement." Even as alleged, the contract at issue is a verbal one, so I am left to examine the Plaintiffs' SAC for the terms. It is clear that the only term that was even hinted at at the time the contract was supposedly formed was an agreement "that Defendant would compensate Plaintiffs for their service in an amount consistent with the custom and practice in the industry for consulting and/or brokering services." The only description of Plaintiffs' responsibilities comes in the form of their recounting the actions they actually undertook in the period after April 2007. But recounting *what Plaintiffs actually did* after the contract was supposedly formed does not help in alleging what they *promised to do* at the time of formation. The only term provided in Count I of this complaint is the promise that "Defendant would compensate Plaintiffs for their services." This is simply not sufficient to allege the existence of a verbal contract for specific services that Plaintiffs would later value at $600,000.

The Plaintiffs have now had three chances to properly allege the existence - and thus the breach - of a contract. They have been unable to do so at all three turns. Therefore, the motion to dismiss this claim is GRANTED, with prejudice.

### B. Count II - Promissory Estoppel

The Plaintiffs have now properly plead their claim of promissory estoppel. To establish this claim, Plaintiffs must allege "(1) [Defendant] made an unambiguous promise to [P]laintiff[s], (2) [P]laintiff[s] relied on such a promise, (3) [P]laintiff[s'] reliance was expected and foreseeable by [Defendant], and (4) [P]laintiff relied on the promise to [their] detriment." *Quake Const., Inc. v. American Airlines, Inc.*, 565 N.E.2d 990, 1004 (Ill. 1990). In my order dismissing this claim the last time, I noted that many of the allegations supporting Plaintiffs' breach of contract theory were incorporated into the promissory estoppel claim. That was fatal to the claim. *See Wagner Excello Foods, Inc. v. Fearn Intern., Inc.*, 601 N.E.2d 956, 964-65 (Ill. App. Ct. 1992). (A plaintiff may not seek relief under the doctrine of promissory estoppel where the parties have entered into a contract.) But Plaintiffs have now cured this defect and properly kept the contract elements separate from the promissory estoppel claim.

Defendant contends that the claim still fails, first because the Plaintiffs have failed to allege an unambiguous promise and second because they have alleged consideration - a contract element that would be fatal to the claim.

As to the first contention, Plaintiffs have indeed alleged an unambiguous promise. Defendant cites *Galdikas v. Fagan*, for the proposition that a promise in such claims must be "clear and definite." 2001 U.S. Dist. LEXIS at * 13 (N.D. Ill. Oct. 12, 2001). But the promise at issue in *Galdikas* fell far below the one alleged here. In *Galdikas*, thirty-five frustrated graduate students sued their former social work program because the school had failed the accreditation process. The students' alleged that the school had "falsely advertised" that the school was accredited and then later made assertions that the school either was or would soon be accredited. But the plaintiffs did not even allege who made the promise, by what method it was

made, nor anything beyond a "vague and general" description of the promise's content. *See id.* Here, in contrast, the SAC states that at numerous times throughout their dealings, a specific agent of the Defendant - in person - "had promised to compensate Plaintiffs in a manner consistent with the custom and practice in the industry for consulting and brokering services, but not in an amount less than $600,000." Put this way, there is no ambiguity about Defendant's promise to pay. That the precise final amount is left open simply reflects the fact that the work was left to be done and an accounting would have to be completed later. But there is no doubt, as alleged, that Defendant would pay Plaintiffs for services rendered.

Defendant also argues that Plaintiffs' promissory estoppel claim fails because Plaintiffs have essentially admitted that there was consideration. If so, Plaintiffs would plead themselves out of court because promissory estoppel only applies in dealings "for which there is no consideration." *Wagner Excello Foods*, 601 N.E.2d at 964-65. To support the contention, Defendant understandably seizes on the following allegation from the SAC: "Defendant made an unambiguous promise to compensat[e] Plaintiffs *in return for* Plaintiffs' consulting services...." (emphasis added). Defendant says the italicized language proves that Plaintiff had a bargained-for exchange of promises, which amounts to consideration. But the italicized language, as I read it, does not assert a reciprocal promise by Plaintiffs which would put this in the realm of contract. Rather, the "...in return for..." is merely Plaintiffs' recitation of what the Defendant wanted Plaintiffs to do for compensation. This was the unilateral promise, along with directions of what it was Defendants wanted done in order for Plaintiff to earn its pay. This was not consideration.

Plaintiffs go on to describe the services they undertook in reliance on Defendant's promise to pay. This included, among other things, facilitating Defendant's meet-up with a third party merger partner, conducting due diligence on that transaction, and conducting analysis for Defendant's integration with the new company. In short, Plaintiffs' promissory estoppel claim survives largely for the reasons their contract claim fails: Plaintiffs conducted services in reliance on a promise of compensation, even though Plaintiffs did not delineate those services in a contract prior to undertaking them. For these reasons, Defendant's motion to dismiss Plaintiffs' second amended promissory estoppel claim is DENIED.

**C. Count IV - Unjust Enrichment**

Plaintiffs' unjust enrichment claim is insufficiently plead under the heightened requirements of Rule 9(b). To be sure, this claim presents a slightly different problem from the previous two. Here, in addition to disputing the factual sufficiency of the claim, the parties dispute the elements of the claim itself.

It is not for nothing that the parties dispute the state of the law on this claim. On the one hand, there is no debate that under Illinois law, unjust enrichment applies when "the defendant has unjustly retained a benefit to the plaintiff's detriment, and that defendant's retention of the benefit violates the fundamental principles of justice, equity, and good conscience." *HPI Health Care Servs., Inc. v. Mt. Vernon Hosp., Inc.*, 545 N.E.2d 672, 679 (Ill. 1989). There is, however, a dispute about what type of conduct must be alleged to support the claim. Defendant cites a line of cases tracing back to *Charles Hester Enterprises, Inc. v . Illinois Founders Ins. Co.* for the proposition that unjust enrichment requires allegations of underlying "unlawful or improper conduct as defined by law, such as fraud, duress, or undue influence," at least in cases such as this one where there is no fiduciary duty owed between the parties. 484 N.E.2d 349, 354 (Ill. App. Ct. 1985). Plaintiffs counter with *Firemen's Annuity and Benefit Fund v. Municipal Employees' Officers' and Officials' Annuity and Benefit Fund*, which states that "a cause of action based upon unjust enrichment does not require fault or illegality on the part of the defendant." 579 N.E.2d 1003, 1007 (Ill. App. Ct. 1991). Neither case has been expressly overruled, so there is some legitimate debate about which case governs. Ultimately, though, this dispute need not be settled for our purposes here.

The problem for Plaintiffs is not that they haven't alleged some unlawful or improper conduct, it is that they have - namely, fraud. The gist of the unjust enrichment claim is that the Defendant intentionally induced Plaintiffs to perform the consulting services with false promises of payment. That is a deft way of

| STATEMENT |
|---|

saying the Defendant perpetrated a fraud. *See United States ex rel. Lusby v. Rolls Royce Corp.*, 570 F.3d 849, 854 (7th Cir. 2009) ("[M]aking a promise while planning not to keep it is fraud."). And "[w]here a complaint *sounds in* fraud, the allegations of fraud must satisfy the heightened pleading requirements of Rule 9(b)." *Sequel Capital, LLC v. Pearson*, 2010 U.S. Dist. LEXIS 104554, *16 (N.D. Ill. Sept. 30, 2010) (emphasis added); see also *Pirelli Armstrong Tire Corp. Retiree Med. Benefits Trust v. Walgreen Co.*, 201 U.S. App. LEXIS 1190 (7th Cir. Jan. 21, 2011) ("[I]t is allegations of fraud, not claims of fraud, to which Rule 9(b) applies.").

Plaintiffs have alleged sufficient facts in the promissory estoppel context to support the "unambiguous promise" element of that claim. The detail Plaintiffs provided there (and incorporated by reference into this claim) goes part way to establishing the claim of unjust enrichment, which is plainly undergirded by a theory of fraud. However, the promissory estoppel claim is governed by Rule 8, while this claim is governed Rule 9(b). Therefore, Plaintiffs must give more specifics as to the "who, what, when, where, and how" of the fraud if this claim is to proceed. *DiLeo v. Ernst & Young*, 901 F.2d 624, 627 (7th Cir. 1990).

The motion to dismiss this claim is GRANTED, without prejudice. Plaintiffs may replead this claim, but must do so with the heightened requirements of Rule 9(b) in mind so long as the underlying theory sounds in fraud.

## IV. CONCLUSION

Defendant's motion to dismiss Plaintiffs' Second Amended Complaint as to breach of contract is GRANTED, with prejudice. As to promissory estoppel, it is DENIED. As to unjust enrichment, it is GRANTED, without prejudice.