IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION

| | | |
|---|---|---|
| GLOBAL TECHNOLOGY & TRADING, INC., an Illinois corporation, and MANOJ JAIN, | ) ) ) ) | |
| Plaintiffs, | ) ) ) ) | |
| | ) | No. 09 C 5111 |
| v. | ) ) | |
| SATYAM COMPUTER SERVICES LIMITED, | ) ) ) ) | |
| Defendant. | ) | |

## OPINION AND ORDER

Manoj Jain and his company, Global Technology & Trading, Inc. ("GTTI"), filed this lawsuit to recover $600,000 in commissions for helping defendant Satyam Computer Services Limited ("Satyam") buy an Illinois company called Bridge Strategy Group, LLC ("Bridge Strategy") in 2008. Plaintiffs allege that Satyam's former employee, Shailesh Shah, orally promised Plaintiffs that they would receive 3% of the sales price if the deal closed.

The lawsuit was initially filed in Illinois state court but removed to this Court based on diversity jurisdiction. At all relevant times and at the time of the

filing of this lawsuit, Plaintiff GTTI was an Illinois corporation with its principal place of business in DuPage County, Illinois; Plaintiff Jain was an Illinois resident and citizen; and Defendant Satyam was a foreign corporation organized under the laws of the Republic of India, with its principal place of business in Hyderabad, India.

Plaintiffs asserted a claim for breach of an oral contract, as well as alternative quasi-contract claims. The case was initially assigned to Judge Zagel who ruled on several motions to dismiss. On December 9, 2009, he granted Satyam's motion to dismiss all four counts in the original complaint and gave Plaintiffs leave to re-plead. Satyam filed a motion to dismiss the first amended complaint, which was granted without prejudice on April 6, 2010. Plaintiffs filed a second amended complaint. Satyam move to dismiss three of the four counts. On January 28, 2011, Judge Zagel granted the motion to dismiss the breach of contract claim with prejudice, finding that Plaintiffs had failed to allege definite and certain terms to establish an oral contract claim under Illinois law. Judge Zagel also dismissed the unjust enrichment claim without prejudice giving Plaintiffs leave to cure the deficiencies in that count. Plaintiffs did not move to file a third amended complaint, and Satyam filed its answer and affirmative defenses on March 9, 2011.

Discovery ensued. At a December 19, 2013 status hearing, Judge Zagel granted the parties leave to file cross-motions for summary judgment, on the issue of liability only, by February 14, 2014. Both sides filed motions for summary judgment, and a briefing schedule was set. On May 8, 2014, the case was reassigned to this court.

In their opening summary judgment briefs, each side asserted a number of arguments. Satyam raised these four: (1) Plaintiffs' claims are barred by the Illinois Business Brokers Act of 1995, 815 ILCS § 307/10-1, *et seq.*, because Plaintiffs were required to register with the Illinois Secretary of State and were also required to obtain a signed written contract, neither of which they did; (2) Plaintiffs' claims fail because GTTI has already been paid $255,000 by Bridge Strategy to perform the same services Plaintiffs seek to be compensated for in this lawsuit; (3) Plaintiffs' promissory estoppel claim fails because Jain was highly experienced and educated and could not reasonably rely on the alleged oral promise; and (4) Plaintiffs' quantum meruit claim fails because the services Plaintiffs provided to Satyam in the hope of later obtaining a contract are not compensable, and any subsequent services Plaintiffs provided which incidentally benefitted Satyam were services they were already obligated to perform on behalf of Bridge Strategy.

Of these four arguments, the first one under Brokers Act dominated the remaining briefs. Specifically, Plaintiffs argued that this defense had been waived because Satyam never raised it in its three motions to dismiss nor included it as an affirmative defense when it answered the second amended complaint. The defense was first raised in Satyam's opening summary judgment brief in February 2014. Plaintiffs complain that Satyam could have raised this defense years earlier and that Plaintiffs have been prejudiced by expending hundreds of hours of attorney time and spending thousands of dollars litigating this case.

As discussed below, the parties seem to agree that this defense, if not waived by Satyam, is dispositive regarding the two remaining counts in this lawsuit. Therefore, the central issue is whether the defense has been waived.

Satyam asserts four arguments against a finding of waiver. First, the Brokers Act argument is not an affirmative defense under Rule 8(c). Second, even if it is, Satyam asserted four affirmative defenses that effectively put Plaintiffs on notice of this defense. Third, Plaintiffs have not been prejudiced because they have had an opportunity, in their summary judgment briefs, to respond to this argument. Fourth, if this Court is not persuaded by the first three arguments, Satyam asks for leave to amend its answer.

The first two arguments are not persuasive, as the Brokers Act argument is akin to a statute of frauds, which is a classic affirmative defense, a point Satyam implicitly agrees with. Likewise, although Satyam did assert four affirmative defenses challenging the enforceability of any agreement, it never explicitly mentioned the Brokers Act.

However, the third argument is meritorious. The Seventh Circuit has held that, "[w]hile Fed. R. Civ. P. 8(c) directs parties to raise affirmative defenses in the pleadings, a delay in raising an affirmative defense only results in waiver if the other party is prejudiced as a result." **Schmidt v. Eagle Waste & Recycling, Inc.**, 599 F.3d 626, 632 (7th Cir. 2010). The Seventh Circuit has further held that "where the plaintiff has an opportunity to respond to a late affirmative defense, he cannot establish prejudice merely by showing that the case has progressed significantly since the defendants answered his complaint." **Williams v. Lampe**, 399 F.3d 867, 871 (7th Cir. 2005).

The key factor in determining prejudice under Seventh Circuit case law is whether the plaintiff had an opportunity to respond to the argument by, for example, filing a summary judgment response brief. If the plaintiff had such an opportunity, courts typically have found no waiver. *See, e.g.,* **Garofalo v. Village of Hazel Crest**, __ F.3d __, 2014 WL 2609895, *7 (7th Cir. June 12, 2014)

(finding no waiver of affirmative defense first raised in summary judgment brief because defendants "had the opportunity to challenge this argument in their own summary judgment submissions"); *Carter v. U.S.*, 333 F.3d 791, 796 (7th Cir. 2003) (no waiver where government raised affirmative defense for the first time six weeks before trial); *DeValk Lincoln Mercury, Inc. v. Ford Motor Co.*, 811 F.2d 326, 334 (7th Cir. 1987) ("when parties argue an affirmative defense in the district court, technical failure to plead the defense is not fatal"); *Manson v. City of Chicago*, 795 F.Supp.2d 763, 770 (N.D. Ill. 2011) (affirmative defense first asserted during briefing on summary judgment was not waived because plaintiff had the opportunity to file an additional brief, although he declined to file one); *West v. United States*, 2010 WL 4781146, *3 (S.D. Ill. Oct. 25, 2010) (allowing assertion of affirmative defense, even though there is "some question about why the government has waited," because the plaintiff cannot claim significant prejudice where he "had the opportunity to respond in writing to the government's motion to amend and motion for summary judgment" and where the defense "presents a straightforward question of law" under a statute of repose); *Neuma Inc. v. Wells Fargo & Co.*, 515 F.Supp.2d 825, 851 (N.D. Ill. 2006) ("because Neuma has not been prejudiced and has had ample opportunity to respond, the court concludes that Wells Fargo has not waived its statute of limitations defense

by raising it for the first time in its motion for summary judgment rather than in its answer").

This Court allowed Plaintiffs the opportunity to file a sur-reply brief to further address the Brokers Act defense and the waiver issue. In asking for leave to file this sur-reply brief, Plaintiffs argued that it was appropriate because the waiver issue was "outcome-determinative." *Id.* In the sur-reply, Plaintiffs acknowledge that the Seventh Circuit has ruled repeatedly that no waiver should be found where the plaintiff had an opportunity to respond. Plaintiffs' only argument is that it would be better as a matter of policy to adopt a stricter approach on waiver of affirmative defenses in this type of situation.

Whatever the merits of these policy arguments may be, this Court will follow the prevailing Seventh Circuit rule. Applying this rule here, this Court finds that Satyam did not waive its Brokers Act defense because Plaintiffs have had an opportunity to respond to the defense. Satyam first raised the defense in its opening summary judgment brief. In their response brief, Plaintiffs argued strenuously that this defense had been waived, but they chose not to offer any additional arguments on the merits even though they were free to do so. Likewise, in their sur-reply brief, Plaintiffs again focused their entire argument on the waiver question, declining the opportunity to offer an alternative defense on the merits of

the defense. Plaintiffs thus have had two opportunities to respond on the merits. Their failure to respond is an implicit acknowledgment that the defense bars their two claims, a conclusion consistent with Plaintiffs' characterization of the waiver issue as being outcome-determinative.

In its opening summary judgment brief, Satyam laid out step by step the reasons why Plaintiffs' promissory estoppel and quantum meruit claims are barred under the Brokers Act. The Act defines a "business broker" as (among other things) a person who "assists any person in procuring a business from any third person" and also a person who "assists or directs in the procuring of prospects intended to result in the purchase, sale, or exchange of a business." 815 ILCS § 307/10-5.10(1) & (5). The Act requires a business broker to register with the Secretary of State. 815 ILCS § 307/10-10. Any contract for the services of a business broker "shall be in writing and signed by all contracting parties." 815 ILCS § 307/10-35.

It is undisputed that Plaintiffs acted as brokers in connection with Satyam's purchase of Bridge Strategy. Plaintiffs have alleged in their Second Amended Complaint that they "supported and facilitated the merger discussions between Defendants and Bridge Strategy," "provided brokering or consulting services to Defendant's Board of Directors and/or officers in connection with the possible

-8-

acquisition of Bridge Strategy by Defendant," and "assisted with the negotiation of a purchase price in connection with the anticipated transaction between Defendant and Bridge Strategy." Plaintiffs further allege that payment of any fees was contingent upon the transaction closing. All these actions fit squarely within the Act's definition of a "business broker."

It is also undisputed that Plaintiffs never registered with the Secretary of State nor obtained a signed written contract. Failing to meet these two requirements means that any contract for broker services is void. The Act applies "when the company or business sought to be sold has its principal place of business in this State." 815 IlCS § 307/10-105. Bridge Strategy was headquartered in Illinois.

It is thus clear that the Act bars any claim based on a contract. As noted above, Judge Zagel previously dismissed this claim with prejudice. The two claims remaining are for promissory estoppel and quantum meruit. Satyam argues that these counts are also barred under the Act because it is "axiomatic that the law will not allow a party to do indirectly that which he is precluded from doing directly." ***Greiner v. Dominick's Finer Foods, Inc.***, 652 N.E.2d 1162, 1167 (Ill. App. Ct. 1995). In ***Sandra F. Monroe & Company v. Nat'l Equip. Servs., Inc.***, 2000 WL 420746 (N.D. Ill. Apr. 12, 2000), the court granted a motion to dismiss the plaintiff's breach of an oral contract claim under the Brokers Act and rejected

the plaintiff's request to pursue a quantum meruit claim because such a claim would "circumvent the purpose of the statute." *Id.* at *5; *see also Thomas v. Daubs*, 684 N.E.2d 1011, 1015 (Ill. App. Ct. 1997) (affirming dismissal of plaintiffs' oral contract, promissory estoppel, and quantum meruit claims, arising out of the brokering of a sale of a landfill business, because plaintiffs were not registered under the Real Estate License Act or Business Brokers Act and because the contract was not in writing). Based on these cases, this Court finds that Plaintiffs' quasi-contract claims are also barred under the Act. Having concluded that Plaintiffs' only two remaining claims are barred, this Court need not address Satyam's other arguments for summary judgment.

IT IS THEREFORE ORDERED that Defendant's cross-motion for summary judgment [75] is granted, and Plaintiffs' cross-motion for partial summary judgment [79] is denied. The Clerk of Court is directed to enter judgment in favor of Defendant and against Plaintiffs dismissing Plaintiffs' causes of action with prejudice and awarding Defendant the costs of suit.

ENTER:

*[signature]*
UNITED STATES DISTRICT JUDGE

DATED: AUGUST 14, 2014